GUILLERMO PETTERSON, Plaintiff and Appellant, v. BENITO URGAL, Defendant and Appellee.

No. 5194. Argued May 23, 1930.—Decided July 22, 1930.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a case in which the plaintiff and appellant appeared personally in the court below and in this court. While in some cases a party may represent himself suc-

cessfully the general experience is that a litigant needs to be represented by the lawyer. In the interest of equality and certainty and in making men treat others as they would be treated, civilization has found it necessary to bring out its law in compact form not even fully understood by experts and wherein the layman frequently misses the most obvious aspects.

In this case the record and the opinion of the court shows that the plaintiff at the trial attempted to prove damages to a furnace and a grating. When the complaint is examined no allusion is made to a cause of action based on the destruction of these objects. The said complaint speaks of a case of arson wherein the plaintiff and his family were subjected to damages.

To the complaint so filed the defendant did not answer. Under section 194 of the Code of Civil Procedure the plaintiff was entitled to a judgment by default and it would have been only necessary for him to prove the damages. In other words if in the complaint the plaintiff had claimed damages for the destruction of the furnace and grating the court would have been bound to assume such destruction. The court should not then have inquired, as it did, whether the plaintiff was the owner of the premises destroyed.

On the other hand a judgment by default only assumes the existence of the essential facts mentioned in the complaint. At the trial the plaintiff did not attempt to show the amount of damages to himself and family but to a furnace and a grating.

The defendant had no notice by the complaint that damages were so claimed.

Even with respect to the damages claimed at the trial the court found that it had no basis for estimating the damages. The court, we hold, could give the plaintiff nothing on the state of the pleadings and the proof. Therefore, not without some regret we feel bound to affirm the judgment.